# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MATHEW S. BLODGETT and TAMATHA BLODGETT | § § § § § § § § § § § § | |
| Plaintiffs | | |
| v. | | Cause No. 4:11-cv-00051 |
| BAC HOME LOANS SERVICING, LP | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 17). Having considered the record herein, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND

According to Plaintiffs' First Amended Complaint, on February 1, 2006, Plaintiffs closed on a loan with Aegis Wholesale Corporation (now Defendant BAC Home Loans Servicing, LP) to refinance their property. Plaintiffs allege that the debt incurred by this loan was in violation of article XVI, section 50 of the Texas Constitution and did not allow a valid lien against their property. On September 28, 2010, after allegedly discovering the violations some time that month, Plaintiffs notified Defendant in accordance with article XVI, section 50(a)(6)(Q)(x) of the Texas Constitution and requested Defendant to cure, but Defendant failed to respond. Defendant attempted to force a

1

sale of the property on December 7, 2010. *See* Dkt. 14 ¶¶ 6-10.

On December 6, 2010, Plaintiffs filed this action. In Plaintiffs' First Amended Complaint, they seek declaratory judgment that Defendant has forfeited all principle and interest in accordance with article XVI, section 50(a)(6)(Q)(x) of the Texas Constitution, that Plaintiffs are no longer obligated to remit any payments to Defendant, and that the note and deed of trust are void. Plaintiffs also seek declaratory judgment that, in accordance with article XVI, section 50(c) of the Texas Constitution, the lien is not valid because it does not secure a debt described by article XVI, section 50 of the Texas Constitution. Plaintiffs further seek actual and statutory damages. Dkt. 14 at ¶¶ 16-18.

Defendant filed its motion to dismiss Plaintiffs' First Amended Complaint on May 19, 2011. Defendant's motion argues that Plaintiffs' claims regarding the Texas Constitution accrued in 2006 and are therefore barred by the four-year statute of limitations.

## ANALYSIS

Defendant seeks dismissal of Plaintiffs' claims based on the statute of limitations.[1] Defendant argues that a four-year statute of limitations governs Plaintiffs' claims. The Court agrees.

---

[1] The Court notes that there is some dispute as to whether Plaintiffs have asserted a single claim or multiple claims. There is no need for such a distinction in the Court's analysis herein as all of Plaintiffs' assertions are based on a violation of a subsection of Article XVI, §50 of the Texas Constitution, and, as set forth below, the Court finds all of Plaintiffs' allegations were raised too late.

2

Section 50(a)(6) of the Texas Constitution[2] – the provision under which Plaintiffs' declaratory judgment claims are based – does not contain a specific statute of limitations period. *See* Tex. Const. art. XVI, § 50(a)(6); *Johnson v. Deutsche Bank Nat. Trust Co.*, 2010 WL 4962897 at *3 (S.D. Tex. Dec. 1, 2010); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839 (Tex. App. – Dallas 2008, no pet.). In Texas, when there is no express limitations period, the four-year statute of limitations described in section 16.051 of the Texas Civil Practice and Remedies Code applies. *See* TEX. CIV. PRAC. & REM. CODE § 16.051; *Johnson*, 2010 WL 4962897 at *4; *Rivera*, 262 S.W.3d at 839. Thus – and Plaintiffs have not cited any authority to the contrary – the four-year statute applies to Plaintiffs' claims.

The gravamen of the dispute here appears to be *when* Plaintiffs' claims *accrued*. Plaintiffs contend that their claims are not barred by the four-year statute of limitations because they accrued only when Defendant failed to cure the loan as requested – in 2010. Dkt. 18 at ¶ 10. Defendant, on the other hand, maintains that the accrual date for Plaintiffs' claims is the date of closing on the loan, which was more than four years before Plaintiffs filed suit and would be barred by the statute of limitations. Dkt. 17 at 5, ¶ 1.

Importantly, "[w]hen a cause of action accrues is normally a question of law." *Exxon Corp. v. Emerald Oil & Gas Co.*, 2011 WL 1226100, at *4 (Tex. Apr. 1, 2011) (citing *Provident Life &*

---

[2]As explained by the Bankruptcy Court of this District, Section 50(a)(6) of the Texas Constitution provides that a borrower's homestead is generally protected from home equity loans except for those loans which satisfy numerous requirements. *See In re Chambers*, 419 B.R. 652, 680 (Bankr. E.D. Tex. 2009). Subsection (a)(6)(f) provides that if the refinance of a debt on a homestead also includes an extension of credit, the lender must comply with the requirements of (a)(6) in order to obtain a valid lien on the borrower's homestead. *See id.*

3

*Acc. Ins. Co.*, 128 S.W.3d at 221). Therefore, since the accrual date is not specified by the relevant constitutional provision, this Court must determine the appropriate accrual date for when the statue of limitations began. *Rivera*, 262 S.W.3d at 840 (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998)). In general, "[c]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp.*, 2011 WL 1226100, at *4 (citing *Provident Life & Acc. Ins. Co.*,128 S.W.3d at 221). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 221 (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

Courts in other cases involving alleged violations of section 50(a)(6) of the Texas Constitution have found the accrual date of the cause of action to be the date of closing on the loan. *See Williams v. Deutsche Bank Nat. Trust* Co., 2011 WL 891645, at *3 (W.D. Tex. 2011) (report and recommendation of magistrate judge, later approved and accepted by district judge); *Hannaway v. Deutsche Bank Nat. Trust Co.*, 2011 WL 891669, at *3 (W.D. Tex. 2011) (report and recommendation of magistrate judge, later approved and accepted by district judge); *Johnson*, 2010 WL 4962897 at *2-4*; In re Ortegon*, 398 B.R. 431, 440-41 (Bankr. W.D. Tex. 2008); *Rivera*, 262 S.W.3d at 838, 840-41. In *In re Ortegon*, for example, the Eastern District of Texas Bankruptcy Court found that a debtor's cause of action against the defendant mortgage company alleging violations of article XVI, section 50(a)(6)(Q)(iii) of the Texas Constitution accrued on the closing date of the loan and, therefore, was barred by the four-year statute of limitations because the debtor

filed suit more than four years after the closing date of the loan. *In re Ortegon*, 398 B.R. at 440. Notably, like Plaintiffs in the instant case, the debtor argued that her cause of action actually accrued when the demand for cure was made, but the court found this argument was not supported by Texas court precedent. *Id.* at 441.

Similarly, the state appellate court in *Rivera v. Countrywide Home Loans, Inc.* found that the borrowers' cause of action against defendant lender for violation of article XVI, section 50(a)(6)(B) of the Texas Constitution accrued at the time the borrowers closed on the loan. *Rivera*, 262 S.W.3d at 838, 840. The court rejected the borrowers' argument that the accrual date should be the "maturity date of the last note, obligation, or installment," noting that the borrowers' could have sued the lender for the constitutional violations the very day after closing on the loan. *Id.* at 840-41. In light of this precedent applying Texas law – which the Court is obligated to do in this diversity action – the Court cannot find Plaintiffs' claims accrued on some other date.

In the instant case, Plaintiffs allege that the loan from Defendant violated article XVI, section 50(a) of the Texas Constitution and, thus, did not create a valid lien against Plaintiffs' homestead. Dkt. 14 at ¶ 8. Plaintiffs apparently attempt to clarify in their response to the motion to dismiss that the "wrongdoing" alleged was the attempted forced sale and failure to respond to the demand for cure. Dkt. 18 at ¶ 9. Plaintiffs further assert that they challenged the validity of the lien, not the debt. Dkt. 18 at ¶ 9.

The Court has reviewed Plaintiffs' amended complaint and finds their asserted distinction without merit. Like the homeowners' claims in *In re Ortegon* and *Rivera*, the basis of Plaintiffs'

claim – as stated in their complaint – appears to be that the home equity loan was formed in violation of the Texas Constitution. *See In re Ortegon*, 398 B.R. at 440-41; *Rivera*, 262 S.W.3d at 838, 840-41; Dkt. 14 at ¶ 8. Plaintiffs' complaint alleges the following factual allegations against Defendant:

> 8. Funds from the closing on February 1, 2006 were used to pay off a line of credit to EMC MTG in the amount of $9,239.00. Also, the Settlement Charges to borrower (HUD-1, line 103) was not a reasonable cost necessary to refinance the debt. Therefore, the debt incurred by the plaintiffs on February 1, 2006 did not fall into one of the exceptions of the type described in Texas Constitution Art. XVI, § 50 that would allow a valid lien against plaintiffs' homestead.
>
> 9. Plaintiffs did not discover the facts disclosed in paragraph 8 above until September, 2010. Plaintiffs tendered written notice to defendant on September 28, 2010 in accordance with Texas Constitution Art. XVI, § 50(a)(6)(Q)(x). Defendant did not respond.

Dkt. 14.

Plaintiffs are bound by their complaint, and the alleged wrongdoing is that the debt incurred did not fall within the provisions of the Constitution. This allegedly unconstitutional formation was the wrongful act causing legal injury that gave rise to Plaintiffs right to demand cure and avoid a forced sale. *See* Tex. Const. art. XVI, § 50(a); *Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 221 (citing *S.V.*, 933 S.W.2d at 4); Dkt. 14 at ¶¶ 12, 14, 16-17. In other words, once this "fact[] c[a]me into existence," Plaintiffs were "authorize[d]...to seek a judicial remedy." *See Exxon Corp.*, 2011 WL 1226100, at *4 (citing *Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 221); *Rivera*, 262 S.W.3d at 840-41. Therefore, like the borrowers in the other cases cited and discussed above, the Court finds that Plaintiffs' cause of action accrued at the closing of the loan.

Plaintiffs also assert, in the alternative, that since they did not discover the alleged constitutional violations until September 2010, the discovery rule tolled the statute of limitations period. The discovery rule allows for the accrual of a cause of action to "be deferred if 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). However, the Texas Supreme Court has "restricted the discovery rule to exceptional cases to avoid defeating the purposes behind the limitations statutes." *Id.* The nature of the injury is inherently undiscoverable when it is "unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* at 313-14 (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734-35 (Tex. 2001)). Importantly, "this legal question is decided on a categorical rather than case-specific basis; the focus is on whether a *type* of injury rather than a *particular* injury was discoverable." *Id.* (citing *Wagner & Brown, Ltd.*, 58 S.W.3d at 736). As the Fifth Circuit has explained of the discovery rule under Texas law,

> The rule delays the statute of limitations only until the claimant knows or should know the facts that could support a cause of action, not until she realizes that the facts do support a cause of actions. It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action. Once a claimant learns that she has been injured, the burden is on her to determine whether she should file suit.

*Colonial Penn Ins. v. Mkt. Planners Ins. Agency, Inc.*, 157 F.3d 1032, 1034 (5th Cir. 1998) (internal quotation marks omitted).

For example, in *Hannaway v. Deutsche Bank Nat. Trust Co.*, the Western District of Texas court found that the statute of limitations on the borrower's claims against the defendant lender for

7

violations of the section 50(a) of the Texas Constitution were not tolled by the discovery rule because the borrower should have been aware of the violations (such as missing blanks on the documents and the fair market value of the home) at the time of closing on the loan. *Hannaway*, 2011 WL 891669 at *5. Similarly, in *Williams v. Deutsche Bank Nat. Trust. Co.*, the Western District of Texas court found that the borrower's claims against the defendant lender for constitutional violations related to a home equity loan did not satisfy the discovery rule because "all of these claims [were] based upon information which was available to [p]laintiffs at the time they closed on the [l]oan." *Williams*, 2011 WL 891645 at *5.

In the instant case, Plaintiffs allege that "funds from closing...were used to pay off a line of credit to EMC MTG" and that "the Settlement Charges to borrower...was [*sic*] not a reasonable cost necessary to finance the debt." Dkt. 14 at ¶ 8. Although Plaintiffs assert that they did not "discover" these facts until September 2010, this information was "available to Plaintiffs at the time they closed on the [l]oan." *See Williams*, 2011 WL 891645 at *5. Therefore, since the injury giving rise to Plaintiffs' claims was not inherently undiscoverable by nature, the statute of limitations in this case will not be tolled through the discovery rule. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006).

The only other wrongdoing alleged by Plaintiffs is Defendant's failure to respond to their September 2010 notice. Since the notice was provided more than four years after the alleged wrongdoings at the time of closing, the failure to respond cannot form an independent grounds for a claim against Defendant.

Plaintiffs' claims under the Texas Constitution are dismissed as time-barred.

**SO ORDERED.**

**SIGNED this 6th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE